**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

BYRON JONES,                                    )
                                                )
      Petitioner                        )
                                                )
      vs.                               )          Case No. 1:20-cv-00114-AGF
                                                )
UNITED STATES OF AMERICA,                       )
                                                )
      Respondent.                       )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Petitioner Byron Jones' motion filed under 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On July 16, 2018, Petitioner

pled guilty to a two-count indictment charging him with (1) interference with commerce

by robbery in violation of 18 U.S.C. § 1951 and (2) possession of a firearm in furtherance

of a crime of violence in violation of 18 U.S.C. § 924(c)(1).  *United States v. Jones*, Case

No. 1:18-CR-00024-AGF-1, Doc. No. 31. [1]  The undersigned accepted Petitioner's plea.

On October 9, 2018, the Honorable E. Richard Webber sentenced Petitioner to 10 months

of imprisonment on Count I and 84 months of imprisonment on Count II with three years

of supervised release on each of Counts I and II, to run concurrently.  Crim. Doc. No. 51.

Petitioner did not file a direct appeal.

---

[1]    Filings in Petitioner's criminal case will be referenced hereafter as "Crim. Doc.
No."

In his pro se motion under § 2255, Petitioner asserts that his conviction and

sentence should be vacated and that he should be released from imprisonment based on

the United States Supreme Court's decisions in *Johnson v. United States*, 559 U.S. 133

(2010) ("*Johnson I*") and *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*").

Specifically, he argues that the *Davis* decision invalidated his conviction under

§ 924(c)(3)(B) ("the residual clause") and a Hobbs Act robbery is not categorically a

crime of violence under § 924(c)(3)(A) ("the elements clause") pursuant to *Johnson I*,

therefore, his conviction cannot stand.  As the record before the Court conclusively

demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's

motion without a hearing.

## BACKGROUND

### Criminal Proceedings

As part of the guilty plea agreement signed by both parties, Petitioner stipulated

the following facts.  Crim. Doc. No. 31.  On January 17, 2018, at around 10:45 p.m.,

Petitioner entered a Burger King restaurant in Sikeston, Missouri.  He pointed a handgun

at the restaurant employees and instructed the restaurant manager to give him the money

from the cash register and office safe.  Petitioner left the restaurant after obtaining a total

of $2,171.50.  Restaurant employees reported the robbery to the Sikeston Department of

Public Safety.

After reviewing the store's security video, officers determined that Petitioner left

in a 2003 Mitsubishi with license plate number 03D J4B.  The vehicle was registered to

Petitioner.  Officers located the vehicle in Sikeston and found a loaded Vzor, 7.65 mm

caliber pistol near the car.  The firearm had been previously reported stolen.  The car was towed and searched, yielding a plastic bag containing $2,147.82.  Later, Petitioner went to the Sikeston police station to inquire about his towed car.  Officers interviewed him and he admitted to robbing the Burger King as described above.

Petitioner was indicted by grand jury on February 15, 2018, for two counts: (1) interference with commerce by robbery in violation of 18 U.S.C. § 1951 and (2) possession of firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1).  Crim. Doc. No. 2.  Petitioner requested and obtained multiple extensions of time to file pretrial motions in order to obtain and review discovery materials.  Crim. Doc. Nos. 19-22.  On May 21, 2017, Petitioner filed a waiver of pretrial motions.  Crim. Doc. No. 23.  The waiver stated that counsel personally discussed the matter with Petitioner and Petitioner agreed that there were no issues to raise in pretrial motions.  *Id.* On May 22, 2017, Petitioner appeared in person with counsel before United States Magistrate Judge Abbie Crites-Leoni and confirmed, under oath, that he understood his rights in this regard and wished to waive his right to file pretrial motions and to a pretrial hearing.  Crim. Doc. No. 27.  Judge Crites-Leoni accepted his waiver as knowingly and voluntarily made.

**Plea Agreement and Hearing**

On July 16, 2018, a change-of-plea hearing was held before the undersigned. Pursuant to the plea agreement, Petitioner pled guilty to Count I, interference with commerce by robbery, 18 U.S.C. § 1951, and Count II, possession of firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1).  Crim. Doc. No. 31.  In his plea

- 3 -

agreement, Petitioner admitted that there was a factual basis for the plea and that he

understood the elements of Count I were (1) Petitioner induced a Burger King employee

to part with money and other property that belonged to the Burger King Store; (2)

Petitioner voluntarily and intentionally did so by robbery; and (3) Petitioner's actions

obstructed, delayed or affected interstate commerce in some way or degree.  Petitioner

also acknowledged that the elements of Count II were (1) Petitioner committed the crime

of interference with commerce by robbery as charged in Count I; (2) Petitioner

knowingly possessed a firearm in furtherance of that crime; and (3) Petitioner brandished

the firearm during the commission of the crime charged in Count I.  *Id.* at ¶ 3; Crim. Doc.

No. 65, Plea Hr'g Tr., at 16-17.

In his plea agreement, Petitioner acknowledged that the United States could prove

all the relevant facts of the crime beyond a reasonable doubt if the case were to go to

trial.  Crim. Doc. No. 31 at ¶ 4.  Additionally, during his plea colloquy, Petitioner

admitted under oath that he robbed the Burger King and brandished a firearm in

connection with the robbery.

> THE COURT: Now, [the plea agreement] says on January 17th, 2018, at 10:45 p.m., around that time, you entered a Sikeston, Missouri Burger King, and that's in the Eastern District of Missouri.
>
> And you were wearing a blue bandana over your face and pointing a handgun at store employees, and you instructed the store manager to give you the money from the cash register and the office safe.  And you were given cash and you put the cash in a bag and left the store.  And store employees reported the robbery to the Sikeston police and a total of $2,171.50 was taken from the store.
>
> And the officers reviewed the security video and determined that you left the store area in a 2003 Mitsubishi and got the license number, and there was a

- 4 -

car there registered to you, and they located that vehicle in Sikeston. And they found the vehicle and the 7.65-millimeter caliber pistol with the Serial Number 964269 on the ground near the car, and it was loaded with aumminition. And that firearm had previously been reported stolen. The car was towed and searched and they found a plastic bag containing $2,147.82 in the bag.

And you came to the police station in Sikeston to check on your car, and then they interviewed you, and you admitted at that time that you were the person who robbed the Burger King store as I just described to you…

Do you understand that?

PETITIONER: Yes, ma'am.

* * *

THE COURT: Now, have you heard everything I just said?

PETITIONER: Yes, Your Honor.

THE COURT: And is everything I said, in fact, true?

PETITIONER: Yes.

THE COURT: Is that what you did in this case?

PETITIONER: Yes.

THE COURT: And did you know what you were doing?

PETITIONER: Yes, Your Honor.

THE COURT: Did you, in fact, on January the 17th, 2018, enter the Burger King store in Sikeston, Missouri with a firearm and robbed that store?

PETITIONER: Yes, ma'am.

THE COURT: And did you brandish that firearm in connection with that robbery, sir?

THE DEFENDANT: Yes, ma'am.

Crim. Doc. No. 65 at 18-21.

During the change-of-plea hearing, Petitioner confirmed under oath that he had read, discussed with his attorney, and understood the terms of the plea agreement, and that he was guilty of the crimes to which he was pleading guilty. *Id.* at 7-9, 13-21. Petitioner also confirmed that no one had made him any promises or offers in order to induce him to plead guilty other than what was contained in the plea agreement, nor did anyone threaten or try to force Petitioner to plead guilty. *Id.* at 37-39. Petitioner further confirmed that he was satisfied with the representation he received from his attorney and that there was nothing he wanted his attorney to do for him that the attorney had not done in representing Petitioner. *Id.* at 9.

In his plea agreement, Petitioner further agreed to "waive all rights to appeal all nonjurisdictional, non-sentencing issues." Crim. Doc. No. 31 at ¶ 7(a)(1). Similarly, Petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [§] 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at ¶ 7(b); Crim. Doc. No. 65 at 36.

At the conclusion of the hearing, the Court accepted Petitioner's guilty plea, finding that Petitioner was competent to enter a guilty plea and his plea was made "knowingly and intelligently and competently," and that it had "a basis in fact that contain[ed] all of the elements of the offenses charged in Counts 1 and 2 of the indictment." *Id.* at 39-40.

**Sentencing Proceedings**

Petitioner appeared before the Honorable E. Richard Webber for sentencing on October 15, 2018.  Neither party asserted any objection to the final Presentence Investigation Report ("PSR") issued by the probation office, and the Court adopted the findings of fact and legal conclusions contained therein.  Crim. Doc. Nos. 35, 36.  The PSR reflected that Jones' Sentencing Guideline range was 24 to 30 months for Count I and that the statutory range was 84 months for Count II.  Crim. Doc. No. 39 at ¶ 68.  The Court imposed a sentence that departed below the sentencing guideline due to Petitioner's age, "limited criminal history," and because it was "defendant's first significant period of incarceration."  Crim. Doc. No. 52 at 3.  On October 15, 2018, Defendant was sentenced to 10 months imprisonment on Count I and the mandatory minimum of 84 months imprisonment on Count II, to run consecutively, for an aggregate term of 94 months imprisonment, and 3 years supervised release on each of Counts I and II, to be served concurrently.  Crim. Doc. No. 51.

Following the conviction, Petitioner did not directly appeal the conviction.  On May 26, 2020, Petitioner filed the instant motion for post-conviction relief based on *Davis* and *Johnson I*.

**Motion to Vacate**

Petitioner argues that his conviction cannot stand because the Supreme Court's decision in *Davis* invalidated his conviction by ruling that the residual clause under § 924(c)(3)(B) was unconstitutional and that his robbery does not constitute a crime of violence under the elements clause of § 924(c)(3)(A), pursuant to *Johnson I's*

- 7 -

interpretation of the physical force necessary for a crime of violence.  Petitioner argues that because his robbery conviction is not a crime of violence, his conviction under 18 U.S.C. § 924(c)(1) cannot stand.  Doc. No. 1 at 4.

Although a claim of ineffective assistance of counsel is not explicitly raised, Petitioner claims that he did not directly appeal his conviction because his counsel said he could not appeal at his sentencing.  The Government argues that Petitioner's claims are without merit and his claims under *Johnson I* are untimely.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

**Timeliness**

The Government contends that Petitioner's *Johnson I* claims are untimely.  The rules limiting the time periods for filing a habeas petition are set out in 18 U.S.C. § 2255(f).  Pursuant to § 2255(f)(1) a petitioner has one year from the date his judgment became final to file a habeas petition.  However, § 2255(f)(3) allows petitioner one year from the date on which the right asserted in the petition was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

- 8 -

Although Petitioner's judgment became final on October 29, 2018, Petitioner did not file his habeas petition until May 26, 2020.  The Government recognizes that Petitioner's claim based on *Davis*, which was decided on June 24, 2019, is timely under §2255(f)(3).   However, the Government contends that Petitioner's claim with respect to *Johnson I* is untimely because *Johnson I* was decided on March 2, 2010, approximately 8 years before Petitioner's sentencing hearing in 2018.  As such, assuming Petitioner's *Johnson I* claim could be properly raised in a § 2255 motion, any such claim must have been brought no later than October 29, 2018.  In any event, as discussed below, Petitioner's claims with respect to *Johnson I* are without merit.

**Applicability of *Davis* and *Johnson I***

Petitioner challenges his conviction under Count II, 18 U.S.C. § 924(c)(1). § 924(c)(1)(A) mandates a minimum five-year sentence for anyone convicted of "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence."  18 U.S.C. § 924(c)(1)(A)(i).  The statute defines a "crime of violence" in two subparts.  The first definition is known as the "elements clause" and is found in § 924(c)(3)(A).  *See United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).  The elements clause covers felonies that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The second definition is known as the "residual clause" and is set forth in § 924(c)(3)(B).  The residual clause covers felonies that "by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).

- 9 -

The Supreme Court in *Davis* invalidated the residual clause under § 924(c)(3) for

being unconstitutionally vague.  But *Davis* did not invalidate the elements clause, and

"even today the elements clause remains in force."  *United States v. Taylor*, 142 S.Ct.

2015, 2019 (2022).  Thus, after *Davis*, a conviction qualifies as a "crime of violence"

under § 924(c) only if it satisfies the elements clause.

Divisibility of Hobbs Act Robbery Statute

Petitioner argues that a Hobbs Act robbery is indivisible and as such, under the

elements clause, a Hobbs Act robbery is not a crime of violence.  A criminal statute is

divisible when it "list[s] elements in the alternative, and thereby define[s] multiple

crimes."  *Mathis v. United States*, 579 U.S. 500, 505 (2016).  But a statute that merely

lists "alternative means of satisfying one (or more) of its elements" is indivisible.  *Id.* at

503.  If a statute is "divisible," courts apply a "modified categorical approach," looking to

certain permitted sources (such as the indictment or plea agreement) "to determine what

crime, with what elements, a defendant was convicted of."  *United States v. Kent*, 44

F.4th 773, 775–76 (8th Cir. 2022).

Post *Johnson I* and *Davis*, the Eighth Circuit has on several occasions said that

Hobbs Act robbery constitutes a "crime of violence" under the elements clause.  *See Diaz

v. United States*, 863 F.3d 781, 783 (8th Cir. 2017) ("Diaz argues that Hobbs Act

Robbery does not qualify as a crime of violence under § 924(c)(3)(A).  We reject that

contention.  [W]e have expressly held that 'Hobbs Act robbery has as an element[,] the

use, attempted use, or threatened use of physical force against the person of another,' the

operative term in § 924(c)(3)(A).") (citing *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016).

The Supreme Court further clarified this issue in *Taylor*, in which it explicitly distinguished attempted Hobbs Act robberies from completed Hobbs Act robberies. *See Taylor*, 142 S.Ct. at 2020 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause.") (emphasis in original). And the Court explicitly noted that "to win a conviction for a *completed* robbery the government must show that the defendant engaged in the 'unlawful taking or obtaining of personal property from the person … of another, against his will, by means of actual or threatened force." *Id.* (quoting 18 U.S.C. § 1951(b)) (emphasis in original).

For this reason, the Eighth Circuit (in an unpublished opinion) and other circuits have continued to hold, post-*Taylor*, that a completed Hobbs Act robbery is a "crime of violence" under the elements clause. *See United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (per curiam and unpublished) ("Though the Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence*, United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022), the plea agreement established that Moore pleaded guilty to completed Hobbs Act robbery, which is a crime of violence"); *see also United States v. McCoy*, 58 F.4th 72, 74-75 (2d Cir. 2023) (per curiam) ("[W]e see nothing in *Taylor's* language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)."); *United States v. Linehan*, 56 F.4th

693, 700 (9th Cir. 2022) ("[I]t is well established both pre- and post-*Taylor* that completed Hobbs Act robbery is a crime of violence under the elements clause.").

Further, district courts around the country and one circuit court in an unpublished opinion have held that the Hobbs Act is divisible at least as between attempted and completed robberies. *See, e.g.*, *United States v. Eccleston*, No. 20-2119, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022) (unpublished) (holding that the Hobbs Act is "divisible into three robbery-based offenses: robbery, attempted robbery, and conspiracy to commit robbery" because "these three crimes comprise different elements"); *accord United States v.* Taylor, No. 4:22-CV-273 HEA, 2023 WL 2987043, at *4 (E.D. Mo. Apr. 18, 2023) (holding that the Hobbs Act is divisible into attempted and completed robberies); *Pratcher v. United States*, No. 1:19-CV-00215-AGF, 2023 WL 2387500, at *3 (E.D. Mo. Mar. 7, 2023) (holding the same); *United States v. Legendre*, No. CR 21-51, 2023 WL 2330036, at *3 (E.D. La. Mar. 2, 2023); *Small v. United States*, No. 2:20-CV-449-DAK, 2023 WL 1993874, at *2 (D. Utah Feb. 14, 2023); *United States v. Stevens*, No. 21-CR-107-1, 2023 WL 274121, at *2 n.1 (E.D. Pa. Jan. 18, 2023); *see also Linehan*, 56 F.4th at 700 ("[A]n attempt to commit the offense is distinct from the completed offense."). The Court agrees with the reasoning of these courts and concludes that the Hobbs Act is divisible into attempted and completed robberies. And because Petitioner was convicted of a completed Hobbs Act robbery, which is a crime of violence, Petitioner's conviction under §924(c) stands.

*Johnson I*

Constuing the petition liberally, Petitioner also appears to argue that a completed Hobbs Act robbery still does not constitute a crime of violence under § 924(c) because the Hobbs Act allows convictions based on threats of injury to intangible property, whereas § 924(c) requires a threat of physical force.  Petitioner contends that this type of *de minimis* threat to property fails to meet the *Johnson I* standard that the offense involve actual or threatened physical force that is "violent."

This argument has been advanced by many petitioners, and has routinely been disposed of in light of the well-established and binding precedent that a completed Hobbs Act robbery is a crime of violence.  *See, e.g.*, *Diaz v. United States*, 863 F.3d 781, 783–84 (8th Cir. 2017) ("Like other circuits, we have expressly held that Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another,' the operative term in § 924(c)(3)(A)," and that "decision is binding ….") (citation omitted); *Moore*, 2022 WL 4361998, at *1; *Johnson*, 2023 WL 2987043, at *4 (holding that the petitioner's arguments seek to overturn Eighth Circuit precedent and only the en banc court or the Supreme Court can overrule binding precdent); Pratcher, 2023 WL 2387500, at *4 (holding the same).  Only the en banc court or the Supreme Court can overturn binding circuit precedent.  *See, e.g.*, *United States v. Fluckes*, No. 22-1619, 2023 WL 2292270, at *1 (8th Cir. Mar. 1, 2023) (per curiam and unpublished) (citing *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc)).  As such, this Court is bound by Eighth Circuit precedent and holds that a completed Hobbs Act robbery is a crime of violence under the elements clause.

At no point has Petitioner disputed the underlying facts of this crime. Petitioner admitted under oath that he pointed a firearm at store employees while robbing the Burger King. As such, the record conclusively demonstrates that Petitioner committed a completed Hobbs Act robbery. Therefore, even if Petitioner's claims were not untimely, his conviction and sentence under § 924(c) remain valid under the elements clause under Eighth Circuit precedent.

**Ineffective Assistance of Counsel**

Lastly, although not explicitly raised, the Petitioner writes in his motion that he did not file a direct appeal because his counsel said he could not appeal. To the extent Petitioner is raising a claim of ineffective assistance of counsel, it also fails.

"To prove ineffective assistance of counsel, a defendant must show that her counsel's representation was deficient and that the deficient performance prejudiced her defense." *Champion v. United States*, 319 F. App'x 443, 445 (8th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different." *Jackson v. United States*, 956 F.3d 1001, 1006 (8th Cir. 2020) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a 'substantial', not just 'conceivable', likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019) (citation omitted).

Even when considering Petitioner's arguments on their merits, Petitioner has failed to show that there is a reasonable probability that his conviction and sentencing outcome would have been different if not for ineffective counseling. As an initial matter,

- 14 -

*Davis* was not issued until well after Petitioner was sentenced, and counsel's failure "to anticipate a change in the law ... does not constitute ineffective assistance."  *See Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999); *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("Counsel is not accountable for unknown future changes in the law.").

Further, as discussed above, even in light of *Johnson I*, a completed Hobbs Act robbery is a crime of violence under the elements clause.  As such, Petitioner's claims are without merit.  Failing to raise a meritless claim does not establish prejudice.  *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Byron Jones' motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.  Doc. No. 1.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE


Dated this 28th day of August, 2023